# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2666
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Dale Ogle, II

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: June 14, 2021
Filed: August 2, 2021
[Unpublished]
_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

The district court[1] increased Richard Ogle's sentence because he fired several gunshots at officers through his car window. Though he challenges the finding that the shots were aimed *at* the officers, we affirm.

## I.

After Ogle threatened his girlfriend with a gun, he led officers on a high-speed chase, first through town and then into a rural area. At one point, he fired a gun from inside the car. When he finally surrendered, officers discovered a pistol, spent shell casings, and a shattered passenger-side window.

Ogle pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court varied upward from the recommended sentencing range and gave him 120 months in prison, the statutory maximum, *see id.* § 924(a)(2), based in part on the finding that he had fired at the officers.

## II.

We review the district court's factual findings "for clear error, applying the preponderance-of-the-evidence standard." *United States v. Walker*, 688 F.3d 416, 420 (8th Cir. 2012) (quotation marks omitted). "Where there are two permissible views of the evidence, the [court's] choice between them cannot be clearly erroneous." *United States v. Rice*, 49 F.3d 378, 385 (8th Cir. 1995) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

Plenty of evidence supports the finding that Ogle shot at the officers. One of them testified that Ogle turned right at a stop sign toward the beginning of the chase, which placed his car perpendicular to the patrol cars in pursuit. Although the officer

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

did not see or hear gunshots, he later concluded that Ogle had fired out the window—toward the officers—after his vehicle rounded the corner. We cannot say that the district court's decision to rely on this testimony, particularly in light of the corroborating evidence, was clearly erroneous. *See United States v. Luna*, 265 F.3d 649, 652 (8th Cir. 2001) ("[I]n sentencing matters[,] a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (internal quotation marks omitted)).

To be sure, Ogle presented a competing narrative that he fired toward an open field, not at the pursuing patrol cars. But the court considered his account, including an expert report he submitted in support of it, and ultimately concluded that it "ma[de] no sense" in light of the evidence. Having examined the record ourselves, we are not "left with a firm and definite conviction that a mistake has been made." *Walker*, 688 F.3d at 421 (quotation marks omitted).

## III.

We accordingly affirm the judgment of the district court.

_____